UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

MARTHA EDWARDS,

     Plaintiff,

v.

                                       CASE NO:
                                       State Court Case No: 2021-CA-368

DOLGENCORP, LLC d/b/a
Dollar General,

     Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, DOLGENCORP, LLC, by and through its undersigned counsel, hereby files this Notice of Removal in the above-captioned manner, currently pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. This removal is made pursuant 28 U.S.C. §§ 1441 and 1446. Removal is proper because there is an aggregate amount in controversy that exceeds $75,000 exclusive of interest and costs, and the parties are minimally diverse.

## BACKGROUND

1.    On or about February 26, 2021, Plaintiff, Martha Edwards, filed a Complaint against Defendant DOLGENCORP, LLC in Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

2.    Plaintiff served Process on Defendant, DOLGENCORP, LLC on March 8, 2021.

3. In the original Complaint, Plaintiff incorrectly alleged DOLGENCORP, LLC was a Florida corporation.

4. On or about June 24, 2021, Plaintiff, Martha Edwards, amended her Complaint to properly allege DOLGENCORP, LLC was a foreign limited liability company.

5. On June 24, 2021, Plaintiff filed the instant Amended Complaint against Defendant in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. The undersigned accepted service on June 24, 2021.

6. In accordance with Local Rule 7.2 and pursuant to 28 U.S.C. § 1446(a), true and legible copies of all papers on file with the state court are attached hereto as Exhibit 1: Complaint, Exhibit 2: Amended Complaint, and Exhibit 3: State Docket Sheet. There are currently no Pending Motions with the State Court.

7. In accordance with Local Rule 5.2, a complete and executed Civil Cover Sheet, is attached hereto as Exhibit 4: Civil Cover Sheet.

8. The Amended Complaint asserts causes of actions for negligence in failure to maintain the premises of the subject store and failure to warn of a dangerous condition.

9. The Amended Complaint states this is an action for damages in excess of $30,000.

10.    The Amended Complaint states the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a previously existing condition.

11.    The Amended Complaint states at all material times hereto, the Plaintiff has been a resident of the Gadsden County, Florida.

12.    The Amended Complaint states that at all times material hereto, and at the time of the incident complained of, the Defendant was a Foreign Limited Liability Company that was licensed to do business in the State of Florida.

13.    On June 23, 2021, counsel for Plaintiff communicated a policy limit demand, which far exceeds the $75,000 threshold for diversity jurisdiction.

14.    On June 29, 2021, counsel for Defendant sent an email correspondence to counsel for Plaintiff asking for clarification as to the amount demanded by Plaintiff, or alternatively, if Plaintiff would agree to a demand of less than the $75,000 Federal jurisdictional threshold (attached hereto as Ex. 5: Email). To date, Counsel for Defendant received no response to this correspondence. Due to uncertainty as to the value of Plaintiff's medical procedures, based on the totality of the damages claimed, and Plaintiff's policy limit demand, Defendant

must remove this case within 30 days of service of the underlying Amended Complaint.

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant, DOLGENCORP, LLC, is serving written notice of the removal of this case on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Second Judicial Circuit in Leon County, Florida. A true and correct copy of the Notice of Filing Defendant's Notice of Removal filed in the Second Judicial Circuit is attached hereto as Exhibit 6: Notice of Filing Notice of Removal.

16.    Nothing in this Notice shall constitute a waiver of DOLGENCORP, LLC's right to assert any defense, including a motion to dismiss, as the case progresses.

## MEMORANDUM OF LAW

### VENUE

Venue is proper under 28 U.S.C. § 1441(a). This Court is the United States District Court for the district and division embracing the place where the state court case was pending.

### REMOVAL IS TIMELY

The removal is timely under 28 U.S.C. § 1446(b), as it was filed within 30 days of June 24, 2021, the date the Defendant first ascertained the case was removable. Plaintiff filed her Amended Complaint June 24, 2021. Plaintiff served

the Amended Complaint on counsel for DOLGENCORP, LLC on the same day. (see Ex. 2: Amended Complaint) One day prior to filing the Amended Complaint, counsel for the Plaintiff communicated the demand for settlement at policy limits, which greatly exceeded the $75,000 threshold for diversity jurisdiction with the Northern District of Florida.  28 U.S.C. § 1446(b)(3) provides,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Removal under 28 U.S.C. § 1446(b)(3) was not timely or possible at the time the Defendant received the Complaint, as the Plaintiff improperly stated Defendant DOLGENCORP, LLC was a Florida corporation.  In the process of the Plaintiff correcting the corporate status of Defendant, DOLGENCORP, LLC, the Plaintiff extended a demand that far exceeds the $75,000 threshold for diversity jurisdiction involving citizens of different states.

Therefore, this Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(3). This Notice of Removal was also filed within one year after commencement of the action, as required by 28 U.S.C. § 1446(c)(1).

## BASIS FOR REMOVAL JURISDICTION

28 U.S.C. § 1441(a) provides that removal to Federal Court is proper when based on diversity of citizenship. Pursuant to 28 U.S.C 1332(a), the district courts

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### Diversity of Citizenship

The parties are minimally diverse, i.e., there is diversity between the Defendant and the Plaintiff. The Plaintiff is a Florida resident (see Ex. 2: Amended Complaint). Thus, the Plaintiff is a citizen of Florida. *See* Dist. of Columbia v. Murphy, 314 U.S. 441, 455 (1941) (while residence is not the equivalent of citizenship, residence is properly taken as domicile "until facts are adduced to the contrary"); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *see also* Moore v. N. Am. Sports, Inc., 2008 WL 5157502, at 1 (N.D. Fla. Dec. 9, 2008).

A corporation is a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Similarly, for purposes of determining Defendant's jurisdiction, a limited liability company is a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10). DOLGENCORP, LLC is a Tennessee company organized under the laws of Tennessee with a principal place of business in Tennessee (see Ex. 1: Complaint). Therefore, Defendant,

DOLGENCORP, LLC, is a citizen of Tennessee. Plaintiff is a citizen of Florida and DOLGENCORP, LLC is not a citizen of Florida; therefore, the parties are minimally diverse.

### Amount in Controversy

The amount in controversy communicated by Plaintiff's demand of policy limits, greatly exceeds $75,000 diversity jurisdiction requirement. In determining the amount in controversy on removal, the United States Court of Appeals for the Eleventh Circuit held,

> We now make explicit what we suggested in <u>Sierminski</u> and adopt the approach of the Fifth and Ninth Circuits... If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

<u>Williams</u>, 269 F.3d at 1319. The court in <u>Williams</u> stated, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" <u>Id.</u> (quoting <u>Sierminski v. Transouth Fin. Corp.</u>, 216 F.3d 945, 949 (11th Cir.2000) (in turn quoting <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir.1997) (in turn quoting <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335–36 (5th Cir.1995)))). Therefore, since the Complaint filed by the Plaintiff only states that this is an action for damages in excess of $30,000, it is proper for the Court to look to this Notice, and other evidence such as Plaintiff's

Proposal for Settlement/Demand for Judgment, in determining the amount in controversy.

In determining whether the amount in controversy meets jurisdictional requirements, the U.S. Court of Appeals for the 11th Circuit held, "the amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014), (quoting and citing McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)). Indeed, "for the purposes of jurisdiction, what is actually recoverable is irrelevant; instead, it is the amount Plaintiff is seeking, and therefore putting in controversy, that is determinative." Kilmer v. Stryker Corp., 2014 WL 5454385, at 4 (M.D. Fla. Oct. 27, 2014).[1] Furthermore, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Id. at 2 (quoting Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754)). The court in Kilmer stated, "Indeed, 'courts may use their judicial experience and common sense in determining whether the

---

[1] Citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir.2010), ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (quoting Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009)).

case stated in a complaint meets federal jurisdictional requirements.'" Id. (quoting

Roe, 613 F.3d at 1062). The court added,

> Moreover, 'a removing defendant is not required to prove the amount in
> controversy beyond all doubt or to banish all uncertainty about it.' All that
> is required is that a removing defendant show, by a preponderance of the
> evidence, that the amount in controversy exceeds the jurisdictional
> requirement.

Id. (quoting Pretka, 608 F.3d at 754). The Plaintiff made it clear through presuit

demand that she is seeking an amount that far exceeds the jurisdictional threshold.

As such, the amount in controversy is over the $75,000 jurisdictional threshold.

In Kilmer, the U.S. District Court for the Middle District of Florida faced the

issue of whether the amount in controversy requirement for removal under 28

U.S.C 1332(a) for diversity jurisdiction had been satisfied. Id. at 1. The Plaintiff in

Kilmer filed a complaint which did not plead a specific amount of damages, and

the defendants timely filed a notice of removal to Federal Court. Id. "In the Notice,

rather than citing to any evidence regarding Plaintiff's damages, Defendants quote

the categories of damages which Plaintiff seeks, and concludes, '[t]he face of the

Complaint makes clear that Plaintiff seeks damages in excess of $75,000,....'

Notice at 4." Id. at 3. After filing the notice of removal, the defendants in Kilmer

supplemented the court with a settlement proposal letter sent by plaintiff's counsel

to the defendants prior to the filing of the notice of removal. Id. In the letter,

plaintiff's counsel stated that plaintiff's doctor determined that her knee

replacement failed, that plaintiff's past medical bills totaled $72,792.93, that plaintiff's doctor estimates future medical expenses to be "anywhere over $50,000," and that plaintiff suffered a permanent injury and will continue to suffer pain, economic losses, and a severe decline in the quality of her life, and therefore plaintiff was seeking defendant's full policy limits in settlement of plaintiff's claims. Id. The court in <u>Kilmer</u> determined, "although Defendants did not submit or rely on the Demand Letter in filing the Notice, the Court may nevertheless consider it so long as it is relevant to the amount in controversy at the time of removal." Id.

Other courts have also held that settlement proposals are properly considered by the court in determining the amount in controversy for purposes of removal to Federal Court. The U.S. Court of Appeals for the Ninth Circuit held, "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." <u>Cohn v. Petsmart, Inc.</u>, F.3d 837 at 840 (9th Cir. 2002).[2] The court in <u>Cohn</u> specifically stated, "We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy." Id. at 843. In <u>McPhail v. Deere & Co.</u>,

---

[2]*See also* <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428–30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); <u>Wilson v. Belin</u>, 20 F.3d 644, 651 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").

F.3d 947 (10th Cir. 2008), the U.S. Court of Appeals for the Tenth Circuit adopted the holding in Cohn with regard to the admissibility of settlement proposals to prove the amount in controversy, and stated,

> The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.

In considering the weight to give to the settlement proposal letter before the 11th Circuit in Kilmer, the court stated,

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Kilmer, 2014 WL 5454385 at 4 (quoting Mark v. Wood Haulers, Inc., No. CA 09–0706–CG–C, 2009 WL 5218030, at 9 (S.D.Ala. Dec.31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F.Supp.2d 1279, 1281 (S.D.Ala.2009)).[3] The Kilmer court held that, "the damages alleged in this case are of the type that the Court could reasonably conclude, based on the past medical expenses, the nature of the case, the injury alleged, and the Court's experience, that the amount in controversy exceeds $75,000." Id. The court explained, "In the Court's experience,

---

[3] See also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002)).

Plaintiff's claims for permanent injury, pain and suffering, and past and future economic losses, when combined with the $72,792.93 in past medical expenses, drive the amount in controversy to exceed $75,000." Id.

In the instant case, like in Kilmer, Plaintiff has communicated a policy limit demand. When this settlement proposal is taken in consideration of the types of damages alleged in Plaintiff's Complaint (see Ex. 2: Amended Complaint), the evidence is sufficient to establish "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Id. (quoting Kirkland v. Midland Mortg. Co., 243 F.3d 1277 at 1281 (11th Cir. 2001)). Even if the Court found that Plaintiff's settlement demand for policy limits reflects puffing or posturing, when the proposal is taken together with Plaintiff's alleged damages and injuries, especially her claims for future damages, hospitalization and nursing care, and pain and suffering, the demand effectively establishes an amount in controversy that is at least greater than the $75,000.00 jurisdictional threshold, if not significantly more.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, DOLGENCORP, LLC, and Plaintiff, Martha Edwards, are minimally diverse, and Plaintiff has placed an amount in controversy over the $75,000 jurisdictional threshold for Federal Court.

WHEREFORE, this Defendant prays for removal of the above-captioned matter from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.

DATED: July 7, 2021.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via Electronic mail to Todd C. Hunter, Jr., Morgan & Morgan, thunter@forthepeople.com, 313 North Monroe Street, Ste. 401, Tallahassee, FL 32301, this 7th day of July, 2021.

/s/ *Hayley Lewis Folmar*
Hayley Lewis Folmar, Esquire
Florida Bar No.: 96345
McConnaughhay, Coonrod, Pope,
Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee, FL 32308
(850) 222-8121
hfolmar@mcconnaughhay.com
Trial Counsel for Defendant